J-S06043-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ANTHONY VINCENT BANKS | |
| Appellant | No. 1264 EDA 2016 |

Appeal from the PCRA Order March 28, 2016
in the Court of Common Pleas of Delaware County Criminal Division
at No(s): CP-23-CR-0005078-1998

BEFORE: MOULTON, RANSOM, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED FEBRUARY 15, 2017**

Appellant, Anthony Vincent Banks, appeals *pro se* from the order

dismissing his third Post Conviction Relief Act[1] ("PCRA") petition as untimely.

Appellant (1) claims that his sentence is illegal because a count of

aggravated assault should have merged into a count of third-degree murder,

(2) contends the trial court imposed a mandatory minimum sentence that

was not requested by the Commonwealth, (3) notes that a challenge to the

legality of sentence cannot be waived, and (4) asserts his sentence was also

excessive.  We affirm.

The PCRA court summarized the procedural history of this appeal as

follows:

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

On April 22, 1999, Appellant entered into a nolo contendere plea to Info A: Third Degree Murder, Info D: Aggravated Assault, and Info H: Possession of a Firearm Without a License. [On the same day,] Appellant was sentenced as follows: Info A: 17-40 years[' imprisonment] SCI; Info D: 5-10 years SCI consecutive to Info A; and Info H: 1-2 years concurrent to Info A.[ The murder and aggravated assault charges were for separate victims. Appellant did not file post-sentence motions or take a direct appeal.]

Appellant filed his first [*pro se*] PCRA petition on January 10, 2000. Counsel was appointed and an amended petition was filed. The PCRA court held a hearing on April 10, 2000. After review, the PCRA court denied the PCRA petition. That decision was appealed and ultimately affirmed by the Superior Court on May 14, 2001.

Appellant filed a second [*pro se*] PCRA petition on August 9, 2002, which was denied on January 31, 2003. The decision was affirmed by the Superior Court and the Pennsylvania Supreme Court denied Appellant's petition [for] allowance of appeal on June 23, 2004.

On December 14, 2015, Appellant filed a "Motion to Modify And /Or Correct An Illegal Sentence Due to a Violation of the Merger Doctrine." This [c]ourt was miscellaneously assigned the Petition. After review of Appellant's arguments, this [c]ourt determined that the Petition should be treated as a Post-Conviction Relief Act Petition. On February 2, 2016, this [c]ourt issued a Notice of Intent to Dismiss Without a Hearing; Appellant filed a response. The Petition was . . . dismissed on March 28, 2016.

PCRA Ct. Op., 5/4/16, at 1-2.

Appellant timely appealed the order dismissing his third PCRA petition. The PCRA court did not order a Pa.R.A.P. 1925(b) statement, but filed an opinion suggesting that the petition was untimely filed.

Appellant has submitted a *pro se* brief in which he challenges the legality and discretionary aspects of his sentence. In response to the PCRA court's determination that the instant petition was not timely filed, he asserts that

> it is legally and well documented that the [t]rial court has and does retain jurisdiction to hear and review, and to also grant relief to any and all claims, and challenges to the legality of a sentence, thus the A.E.D.P.A. time limitations [d]oes [n]ot apply and this Court does have jurisdiction.

Appellant's Brief at i. We disagree.

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." **Commonwealth v. Wilson**, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*) (citation omitted). However, it is well established that:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. **See, e.g.**, **Commonwealth v. Murray**, 753 A.2d 201, 203 ([Pa.] 2000) (stating that "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner"); **Commonwealth v. Fahy**, 737 A.2d 214, 220 ([Pa.] 1999) (holding that where a petitioner fails to satisfy the PCRA time requirements, this Court has no jurisdiction to entertain the petition).

**Commonwealth v. Whitney**, 817 A.2d 473, 477-78 (Pa. 2003) (some citations and parallel citations omitted).

- 3 -

A PCRA petition "must normally be filed within one year of the date the judgment becomes final . . . unless one of the exceptions in § 9545(b)(1)(i)-(iii) applies and the petition is filed within 60 days of the date the claim could have been presented." *Commonwealth v. Copenhefer*, 941 A.2d 646, 648 (Pa. 2007) (citations and footnote omitted). Pursuant to 42 Pa.C.S. § 9545(b)(3), "[a] judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time seeking such review." *Commonwealth v. Jones*, 54 A.3d 14, 17 (Pa. 2012) (citations omitted).

When a PCRA petition is filed outside the one-year time limit, petitioners must plead and prove the applicability of one of the three exceptions to the PCRA timing requirements. *Commonwealth v. Johnston*, 42 A.3d 1120, 1126 (Pa. Super. 2012). The three exceptions to the general one-year time limitation are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). The Pennsylvania Supreme Court has held that "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." *Fahy*, 737 A.2d at 223 (citation omitted).

Instantly, Appellant's April 22, 1999 conviction became final after the period for taking a direct appeal lapsed on Monday, May 24, 1999. *See* 42 Pa.C.S. § 9545(b)(3); *see also* 1 Pa.C.S. § 1908; Pa.R.A.P. 903(a), (c)(3). Therefore, the instant petition filed in December 2015 was facially untimely, and Appellant bore the burden of establishing an exception under 42 Pa.C.S. § 9545(b)(1)(i), (ii), or (iii).

Although Appellant asserts that a challenge to the legality of the sentence cannot be waived, he disregards that he must still satisfy timeliness requirements of the PCRA by stating an exception to the one-year time requirement. *See Fahy*, 737 A.2d at 223. Our review of the record and Appellant's *pro se* brief reveals that Appellant did not carry this burden. Therefore, we discern no basis to conclude that the PCRA court erred in dismissing the instant petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/15/2017